[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has taken this appeal from the actions of the defendants in assessing certain commercial property owned by the plaintiff located at 8 Fairfield Boulevard in Wallingford.
The Town of Wallingford conducted a townwide revaluation of all property effective on October 1, 1991, which is the pertinent date of value in this appeal. The fair market value of the subject property was determined to be $3,518,857, which equates to an assessment of $2,463,200, which was the assessment on the October 1, 1991 grand list and also the assessor's valuation on the 1993 grand list. The plaintiffs appealed the assessment to the Board of Tax Review which reduced the assessment to $2,323,200, which equates to a fair market value of $3,318,857. The plaintiffs then filed this appeal from that assessment.
While this appeal was pending the assessor continued the same assessment on the 1994 grand list, the plaintiffs appealed that valuation to the Board of Tax Review, the Board further reduced the assessment to $2,100,000, and the plaintiffs then amended their appeal to include the October 1, 1994 assessment. Thereafter, the same assessment has been continued on all subsequent grand lists, the appeal has been amended accordingly, and this appeal now includes appeals from the grand lists of 1993, 1994, 1995, 1996 and 1997.
The property in question is a one-story high tech/RD/office building constructed in 1987 and located on approximately 3.83 acres of land. It is part of the Centract Business Park, which is a 44.6 acre professional high-tech/RDF/planned development. The two real estate appraisers, Robert Royce on behalf of the plaintiff, and Donald Nitz, on behalf of the defendants, disagree on many issues, even including the square footage of the building area. For the purposes of this memorandum, the court accepts Mr. Nitz's figure of 44,129 sq. ft., which is based on building plans and specifications. CT Page 1119
Each appraiser considered all three of the approaches to value — cost, income capitalization and sales comparison — in arriving at his opinion as to value. However, both appraisers concluded that the cost approach was not reliable in this case, and therefore each utilized the income capitalization and sales comparison methods of valuation. Mr. Royce gave equal weight to both approaches in arriving at his final opinion of value, whereas Mr. Nitz relied more heavily on the income capitalization method with the sales comparison serving to support his conclusion as to value. Mr. Royce is of the opinion that the subject property has a fair market value, as of October 1, 1991, of $1,730,000, while Mr. Nitz values the property, as of the same date, at $3,000,000. After reviewing both appraisals, the court is of the opinion that the income capitalization approach is the more reliable of the two methods used.
The substantial difference in the opinions as to fair market value comes about as the result of variations in the respective analysis of the subject property by the two appraisers. Mr. Royce used a total building area almost 1000 square feet less than Mr. Nitz, and concluded that 60% of the building should be treated as Class B/C office space, and the balance of 40% as RD or light industrial space. Mr. Nitz determined that the entire building should be treated as a multi-unit, flex-type High Tech/RD/Office facility. Mr. Royce ascribed a square foot rental value of $10.00 to the 60% office portion of the building and a $5.00 square foot rental to the 40% RD/Light Industrial portion. Mr. Nitz came up with a $12.00 square foot rental value for the entire building. The two appraisers also differed with respect to the vacancy rate to be used in their respective analysis, the expense attributable to cost of ownership, and the capitalization rate. It is also to be noted that in his consideration of comparable rentals Mr. Nitz factored in the actual rentals on the subject property whereas Mr. Royce did not.
It would appear that the actual rent that will be obtained from this flex-type building will vary considerably depending on the location in the building, size of the unit rental and the use to which the space rented is being put. Rather than attempting to break the building down into different sections with different rentals, the court is of the opinion that a prospective buyer would attempt to come up with an overall square foot rental rate.
After consideration of the testimony of the two appraisers, CT Page 1120 who were the only witnesses, as well as the two appraisal reports in evidence, the court concludes that the overall approach, factual assumption, formulas and analysis by Mr. Nitz is the more sound of the two and is accepted by the court. However, the court is of the opinion that in arriving at his $12.00 per square foot rental value, which is obviously a very significant part of the income capitalization approach, Mr. Nitz relied on comparable rentals which generally were for Class A office space. The subject property should be considered as falling between Class and Class B office space. The building is now over ten years old and is still unfinished in some areas and is approximately one-third vacant. The court finds that a reasonable rental value to ascribe to the entire building is $10.00 per square foot.
Therefore, adopting Mr. Nitz's formula, which begins on page 26 of Exhibit 1, but utilizing a $10.00 per square foot rental value basis, the "Reconstructed Operating Statement" of the court is as follows:
 Potential Gross Income 44,129 sq. ft. @ $10.00/sq. ft. $ 441,290
Less Vacancy Rental Loss (20%) 88,258
Effective Gross Income 353,032
Less Annual Cost of Ownership (10%) 35,303
Net Operating Income $ 317,729
 Net Operating Income divided by Capitalization Rate of .11% Indicated Value at Stabilized Occupancy $2,888,445
 Less Fit-Up Costs (14,689 sq. ft. X $25.00 per sq. ft.) $ 367,225
$2,521,220
 Less Leasing Commission of 6% applied to five years gross rent @ initial rate of $10.00 per sq. ft. escalated annually @ 3% $ 46,791
CT Page 1121
$2,474,429
Rounded to: $2,475,000
The fair market value of the subject property is found to be $2,475,000.
William L. Hadden, Jr. Judge Trial Referee